**UNITED STATES of America, Appellee,**

v.

**Francisco Javier Castro LOMELI, Jamie Humberto. Gutierrez–Gonzalez, Defendants–Appellants,**

**Nelson Hernan Garcia, Defendant.\***

**Nos. 07–5750–cr(L), 08–0965–cr(CON).**

United States Court of Appeals, Second Circuit.

Dec. 16, 2009.

---

\* The Clerk of the Court is respectfully directed to amend the official caption to conform to the caption of this order.

Allan P. Haber, New York, NY, for Defendant–Appellant, Francisco Javier Castro Lomeli.

B. Alan Seidler, New York, NY, for Defendant–Appellant, Jamie Humberto Gutierrez–Gonzalez.

Brendan R. McGuire (Andrew L. Fish, on the brief), Assistant United States Attorneys, for Lev. L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellee, United States of America.

PRESENT: ROGER J. MINER, ROBERT A. KATZMANN, and GERARD E. LYNCH,** Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Francisco Javier Castro Lomeli and Jamie Humberto Gutierrez–Gonzalez ("Gutierrez") appeal from the judgments of the district court dated December 18, 2007, and February 19, 2008, respectively. The district court sentenced Lomeli principally to 108 months' imprisonment and Gutierrez principally to 135 months' imprisonment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Lomeli's appeal, which challenges the substantive unreasonableness of his sentence, must be dismissed because he waived his right to appeal in the plea agreement he entered into with the government. The waiver provision states that "the defendant will not file a direct appeal [of] . . . any sentence within or below the Stipulated Guidelines Range [of 135 to 168 months' imprisonment]." "This waiver is in a familiar form that we have consistently held enforceable" as long as the waiver is "knowing and voluntary." *See United States v. Roque*, 421 F.3d 118, 121–22 (2d Cir.2005). The colloquy at Lomeli's plea

** At the time the case was argued, Judge Lynch was United States District Judge for the Southern District of New York, sitting by designation.

proceeding "adequately establishes that [Lomeli] understood the terms of his waiver in the plea agreement," *see United States v. DeJesus,* 219 F.3d 117, 121 (2d Cir.2000) (per curiam), and Lomeli does not point to anything showing that the waiver was not otherwise voluntary. Because Lomeli was sentenced to 108 months, a sentence below the range stipulated in the plea agreement, he has waived his right to appeal and his appeal must be dismissed.

Gutierrez raises two separate issues on appeal. First, he argues that there was no factual basis for his guilty plea to a charge of conspiracy to commit money laundering; second, he argues that the district court erred in finding that he was not entitled to a reduction in his offense level because he was a minor participant in the offense.

Gutierrez's claim regarding the sufficiency of his plea allocution is very similar to that of his co-defendant, Nelson Hernan Garcia. We recently vacated and remanded Garcia's plea. *See United States v. Garcia,* 587 F.3d 509 (2d Cir.2009). Accordingly, we vacate the judgment as to Gutierrez and remand the matter to the District Court for further consideration in light of *Garcia,* which of course was unavailable to the district court when Gutierrez proffered his plea.

Because we vacate the plea as it relates to one count of conviction, we refrain from passing on Gutierrez's sentencing contention at this time.

For the foregoing reasons, the judgment of the district court as to defendant-appellant Jamie Humberto Gutierrez–Gonzales is **VACATED** and his case is remanded for further proceedings, and the appeal of defendant-appellant Francisco Javier Castro Lomeli is **DISMISSED.**